MORRIS ET AL. v. THE PEOPLE, FOR THE USE, ETC.

JURISDICTION.

The statement of counsel that a constitutional question is involved in the case will not give this court jurisdiction to review a judgment of the court of appeals.  It must appear that the question invoked is fairly debatable and not based upon mere assertion or the appeal will be dismissed.

*Appeal from the Court of Appeals.*

Mr. CHARLES C. CLEMENT, for appellants.

Mr. GEORGE SIMMONS, for appellees.

PER CURIAM.    This action was originally tried in the district court of Arapahoe county.    The trial resulted in a judgment for plaintiff for $336.38 and costs.    To this judgment a writ of error was sued out from the court of appeals, in which latter court the judgment of the district court was affirmed.    See *Morris v. The People*, 8 Colo. App. 375.    The judgment does not relate to a franchise or freehold, and is not for a sufficient amount to give this court jurisdiction, and our jurisdiction must be upheld, if at all, upon the ground that a construction of a provision of the constitution is necessary to the determination of the case.    The claim is made that a material controversy in this case is as to the right of boards of county commissioners to increase the number of justices' precincts in their respective counties.    It is argued that the statute relied upon as authorizing such increase is prohibited by the state constitution; but, as said in the case of *Board v. Smith*, 22 Colo. 534, " We know of no provision of the constitution with which the act conflicts."    It certainly does not conflict with section 11 of article 14, to which our attention has been called by counsel.    As is well said by the court of appeals in this case, " There is a wide difference

between increasing the number of justices in the same precinct and creating new precincts, and there is no constitutional inhibition against legislation looking to the increase or alteration of precincts." It is not sufficient for counsel to allege that a certain act is in violation of the constitution to give this court jurisdiction. It must appear that the constitutional question invoked is fairly debatable and not based upon mere assertion. *Trimble v. The People*, 19 Colo. 187.

As there is no constitutional provision restricting the power of the legislature to provide for the division of counties into justices' precincts, we must hold that this court is without jurisdiction. The appeal is accordingly dismissed.

*Appeal dismissed.*